**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
155 Willowbrook Boulevard, Suite 300
Wayne, New Jersey 07470
T: (973) 256-9000
*Attorneys for Defendant Wal-Mart Stores, Inc.*

| | |
|---|---|
| STACEY LAWRENCE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>WAL-MART STORES, INC., ABC OWNERS/MANAGERS 1-5 (fictitious names), DEF MAINTENANCE COMPANIES 1-5, (fictitious names) GHI MANAGEMENT 1-5, (fictitious names) JOHN/JANE DOES 1-5 (fictitious names)<br><br>　　　　　　　Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No.<br><br>**NOTICE OF REMOVAL** |

　　　　　PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wal-Mart Stores, Inc. (hereinafter "Wal-Mart" or Defendant") hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Monmouth County, to the United States District Court for the District of New Jersey, based upon the following:

　　　　　1.　　On or about July 27, 2021, Plaintiff Stacey Lawrence ("Plaintiff") commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, Monmouth County, entitled STACEY LAWRENCE v. WAL-MART STORES, INC., ABC OWNERS/MANAGERS 1-5 (fictitious names), DEF MAINTENANCE COMPANIES 1-5 (fictitious names), GHI MANAGEMENT 1-5, (fictitious names), JOHN/JANE DOES 1-5 (fictitious names) Docket No. MON-L-2600-21 ("Complaint").

2. According to the Affidavit of Service received via electronic mail by Plaintiff on August 4, 2021, the Summons, Complaint (which included discovery requests) and Civil Case Information Statement were served on a "Person Authorized to accept service" on July 30, 2021.

3. July 30, 2021 was the first date on which Wal-Mart received copies of the Summons and Complaint through service or otherwise.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed with this Court within thirty (30) days of Wal-Mart's first receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the above-referenced pleadings and other papers, including the Summons, Complaint and Case Information Statement, which constitute all process, pleadings and orders served upon Defendant are attached hereto as Exhibit "A". Additionally, a true and correct copy of the Affidavit of Service referred to in Paragraph 2 is attached hereto as Exhibit "B".

6. The Complaint alleges that on or about July 29, 2019, Plaintiff Stacey Lawrence was lawfully upon the premises of the Walmart store located at 3575 NJ Highway 66, Neptune, New Jersey, when Plaintiff was seriously and permanently injured. Complaint, ¶ 5. The Complaint also alleges that Plaintiff was caused to and did seek medical attention in an effort to cure himself of his injuries, incurring great expenses therefore, and was prevented from attending to his usual business and was otherwise seriously and permanently damaged. Complaint, ¶ 5.

7. On August 17, 2021, defense counsel sent Plaintiff's counsel via electronic mail and regular mail a Stipulation Regarding Plaintiff's Damages for the purpose of "determin[ing] whether the amount in controversy is such that this matter may be removed to federal court based on

- 3 -

diversity of citizenship of the parties." A copy of the cover letter and stipulation is attached hereto as "Exhibit C".

8. As of the date of this filing Plaintiff has not responded to the Stipulation Regarding Plaintiff's Damages.

9. Upon information and belief, Plaintiff is scheduled to undergo a microdiscectomy as part of the treatment for his alleged injuries.

10. This Honorable United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiff and the Defendant, and in which the amount in controversy exceeds $75,000, exclusive of interest and costs, as described below.

11. Based upon the allegations in the Complaint, Plaintiff is a resident and citizen of New Jersey, residing in the Town of Long Branch, County of Monmouth.

12. Although not named as a Defendant, the entity that operated the Walmart store located at 3575 NJ Highway 66, Neptune, New Jersey is Wal-Mart Stores East, LP. There is no legal entity named "Wal-Mart Stores, Inc."

13. Wal-Mart Stores East LP is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas, and is not a citizen of New Jersey. The general partner of Wal-Mart Stores East LP is WSE Management LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas. The limited partner of Wal-Mart Stores East LP is WSE Investment, LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas. The sole member of both WSE Management LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (formerly known as

Wal-Mart Stores East, Inc.), a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Bentonville, Arkansas. The sole member and parent company of Wal-Mart Stores East, LLC is Walmart Inc., a corporation organized under the laws of the State of Delaware with a principal place of business in Bentonville, Arkansas.

14. Diversity of citizenship existed among the parties when the Complaint was filed on or about July 27, 2021. Diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

15. While Defendant denies all liability to Plaintiff and denies that Plaintiff is entitled to any of the relief sought by the Complaint, based upon the allegations of the Complaint and the injuries alleged, and based upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

16. Therefore, this civil action is removable to this Court pursuant to 28 U.S.C. §1441.

17. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court, Law Division, Monmouth County, and is being served upon Plaintiff.

18. In filing this Notice of Removal, Defendant does not waive any defects in service of process, venue or personal jurisdiction.

19. For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

>SCHOEMAN UPDIKE KAUFMAN
>& GERBER LLP
>*Attorneys for Defendant Wal-Mart Stores, Inc.*
>
>By: _____
>Christopher M. McFadden

Dated: August 27, 2021

- 5 -

<u>LOCAL CIVIL RULE 11.2 VERIFICATION</u>

Other than the action filed in the Superior Court of New Jersey, Law Division, Monmouth County, which is the subject of this Notice of Removal, the matter in controversy, to the best of Defendant's knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

                                      SCHOEMAN UPDIKE KAUFMAN
                                      & GERBER LLP
                                      *Attorneys for Defendant Wal-Mart Stores, Inc.*

By: _____
        Christopher M. McFadden

Dated: August 27, 2021

## CERTIFICATION OF SERVICE

I hereby certify that on this date, I caused to be served via first class mail, a true and correct copy of the foregoing Notice of Removal on:

>Brian Drazin, Esq.
>Drazin & Warshaw, P.C.
>25 Reckless Place
>Red Bank, NJ 07701
>*Attorneys for Plaintiff*

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

_____
Christopher M. McFadden

Dated:  August 27, 2021