# EXHIBIT "A"

Justin L. Drazin, Esq., #303672019
DRAZIN &WRSHAW, P.C.
25 Reckless Place
P.O. Box 8909
Red Bank, NJ 07701
(732) 576-8860
Attorney for Plaintiff

| | |
|---|---|
| Plaintiff(s)<br>STACEY LAWRENCE<br><br>V.<br><br>Defendant(s)<br>WAL-MART STORES, INC.,<br>ABC OWNERS/MANAGERS 1-5<br>(fictitious names),<br>DEF MAINTENANCE COMPANIES 1-5,<br>(fictitious names)<br>GHI MANAGEMENT 1-5,<br>(fictitious names)<br>JOHN/JANE DOES 1-5 (fictitious names) | SUPERIOR COURT OF NEW JERSEY<br>MONMOUTH COUNTY<br>LAW DIVISION<br><br>Civil Action<br><br>Docket No. L-<br><br>**COMPLAINT and JURY DEMAND** |

Plaintiff, STACEY LAWRENCE, residing in the Town of Long Branch, County of Monmouth, State of New Jersey, by way of Complaint against the defendants, says:

**FIRST COUNT**

1. On or about July 29, 2019, plaintiff, Stacey Lawrence, was lawfully on the premises of the Wal-Mart Super Center, Store #5142, located at 3575 NJ Highway 66, Neptune, New Jersey.

2. At the aforesaid time and place, defendant(s) Wal-Mart Stores, Inc., ABC Owners/Managers 1-5 (fictitious names), DEF Maintenance Companies 1-5 (fictitious defendants), GHI Management Companies 1-5 (fictitious names) who were hired to maintain the premises and JOHN/JANE DOES 1-5 (fictitious defendants), agents, servants and/or employees of Wal-Mart Stores, Inc., ABC Owners/Managers 1-5 (fictitious names), DEF Maintenance

Companies 1-5 (fictitious defendants), GHI Management Companies 1-5 (fictitious names) and their agents, servants and/or employees, owned, occupied, maintained and controlled by deed, lease otherwise, certain premises and/or common areas.

3. At the aforesaid time and place, while on said premises and, more specifically, in the area near the self service snack bar, plaintiff, Stacey Lawrence was caused to slip and fall, solely and wholly by reasons of the negligence of the defendant(s) ) Wal-Mart Stores, Inc., ABC Owners/Managers 1-5 (fictitious names), DEF Maintenance Companies 1-5 (fictitious defendants), GHI Management Companies 1-5 (fictitious names) who were hired to maintain the premises and JOHN/JANE DOES 1-5 (fictitious defendants), agents, servants and/or employees of Wal-Mart Stores, Inc., ABC Owners/Managers 1-5 (fictitious names), DEF Maintenance Companies 1-5 (fictitious defendants), GHI Management Companies 1-5 (fictitious names) and their agents, servants and/or employees, who caused and/or permitted a dangerous condition to exist.

4. The aforementioned defendant(s) and their agents, servants and/or employees knew or should have known, in the exercise of reasonable care, of the aforementioned dangerous condition.

5. As a direct and proximate result of the negligence of the aforementioned defendant(s), and their agents, servants and/or employees, s aforesaid, plaintiff, Stacey Lawrence, was seriously and permanently injured, he was caused to and did seek medical attention in an effort to cure himself of his injuries, incurring great expenses therefore, and was prevented from attending to his usual business, and was otherwise seriously and permanently damaged.

WHEREFORE, plaintiff, Stacey Lawrence, demands judgment against the defendant(s) Wal-Mart Stores, Inc., ABC Owners/Managers 1-5 (fictitious names), DEF Maintenance Companies 1-5 (fictitious defendants), GHI Management Companies 1-5 (fictitious names) who were hired to maintain the premises and JOHN/JANE DOES 1-5 (fictitious defendants), agents, servants and/or employees of Wal-Mart Stores, Inc., ABC Owners/Managers 1-5 (fictitious names), DEF Maintenance Companies 1-5 (fictitious defendants), GHI Management Companies 1-5 (fictitious names), jointly, severally and/or in the alternative for damages, together with interest and costs of suit.

## SECOND COUNT

1. Plaintiff repeats and makes ap art hereof all of the allegations contained in the First Count as if fully set forth herein.

2. At the aforesaid time and place, defendant(s) Wal-Mart Stores, Inc., ABC Owners/Managers 1-5 (fictitious names), DEF Maintenance Companies 1-5 (fictitious defendants), GHI Management Companies 1-5 (fictitious names) who were hired to maintain the premises and JOHN/JANE DOES 1-5 (fictitious defendants), agents, servants and/or employees of Wal-Mart Stores, Inc., ABC Owners/Managers 1-5 (fictitious names), DEF Maintenance Companies 1-5 (fictitious defendants), GHI Management Companies 1-5 (fictitious names), and their agents, servants and/or employees, were responsible for the inspection, management and/or maintenance of the premises referred to herein.

3. At the aforesaid time and place, he aforementioned defendant(s), and their agents, servants and/or employees, so carelessly and negligently maintained and failed to make

reasonable inspections of the premises referred to herein so as to cause the plaintiff, Stacey Lawrence, to fall sustaining the injuries complained of herein.

4. The aforementioned defendants and their agents, servants and/or employees knew or should have known, in the exercise of reasonable care, of the aforementioned dangerous condition.

5. As a direct and proximate result of the negligence of the aforementioned defendant(s), and their agents, servants and/or employees, s aforesaid, plaintiff, Stacey Lawrence, was seriously and permanently injured, he was caused to and did seek medical attention in an effort to cure himself of his injuries, incurring great expenses therefore, and was prevented from attending to his usual business, and was otherwise seriously and permanently damaged.

WHEREFORE, plaintiff, Stacey Lawrence, demands judgment against the defendant(s) Wal-Mart Stores, Inc., ABC Owners/Managers 1-5 (fictitious names), DEF Maintenance Companies 1-5 (fictitious defendants), GHI Management Companies 1-5 (fictitious names) who were hired to maintain the premises and JOHN/JANE DOES 1-5 (fictitious defendants), agents, servants and/or employees of Wal-Mart Stores, Inc., ABC Owners/Managers 1-5 (fictitious names), DEF Maintenance Companies 1-5 (fictitious defendants), GHI Management Companies 1-5 (fictitious names), jointly, severally and/or in the alternative for damages, together with interest and costs of suit.

## JURY DEMAND

Plaintiff demands a trial by jury as to all counts.

## DEMAND FOR ANSWERS TO FORM C INTERROGATORIES

Demand is hereby made that the Defendant(s) named herein provide answers to Form C Interrogatories within the time prescribed by the NJ Court Rule.

## DESIGNATION OF TRIAL COUNSEL

BRIAN D. DRAZIN, ESQ., is herby designated as trial counsel for the plaintiff(s) in the within matter, pursuant to R.4:25-4.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that I am unaware of any other pending or contemplated lawsuit, arbitration or other proceeding concerning the subject matter in controversy. I certify that I am unaware of any non-party who should be joined in this action. I certify that all confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

DRAZIN & WARSHAW, P.C.

Dated: July 27, 2021

JUSTIN L. DRAZIN, ESQ.

# Civil Case Information Statement

**Case Details: MONMOUTH | Civil Part Docket# L-002600-21**

**Case Caption:** LAWRENCE STACEY VS WAL-MART STORES, INC .
**Case Initiation Date:** 07/27/2021
**Attorney Name:** JUSTIN LOUIS DRAZIN
**Firm Name:** DRAZIN & WARSHAW
**Address:** 25 RECKLESS PLACE
RED BANK NJ 07701
**Phone:** 7327473730
**Name of Party:** PLAINTIFF : LAWRENCE, STACEY
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: STACEY LAWRENCE?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
  **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/27/2021                                                      /s/ JUSTIN LOUIS DRAZIN
Dated                                                                              Signed